MEMORANDUM **
Petitioner-Appellant Kethon Triggs (“Triggs”), a state prisoner, appeals the district court’s denial of his habeas petition. In 1995, a jury convicted Triggs of cocaine possession in violation of California Health and Safety Code section 11350(a). Under California’s three-strikes law, the trial court sentenced Triggs to 25 years to life in prison.
Triggs petitioned for habeas relief under 28 U.S.C. § 2254, claiming that he was incompetent to stand trial, and that the state court denied him due process in failing sua sponte to hold a competency hearing. Secondly, Triggs claims that trial counsel’s failure to investigate and present evidence about his incompetency denied him his Sixth Amendment right to effective assistance of counsel.[1] Thirdly, Triggs claims that the admission at trial of a preliminary hearing transcript from 1982 violated his Sixth Amendment right to confrontation. Finally, Triggs claims that his sentence constitutes cruel and unusual punishment as prohibited by the Eighth Amendment.
We review de novo the district court’s denial of Triggs’s habeas petition. Estrada v. Scribner, 512 F.3d 1227, 1235 (9th Cir.2008). In conducting a review of a state court decision, we “look to the last reasoned state-court decision.” Van Lynn *175 v. Farmon, 347 F.3d 735, 738 (9th Cir.2003). In so doing, we must determine whether the state court proceedings “(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding” as to any claim adjudicated on the merits in State court proceedings. 28 U.S.C. § 2254(d). Where, as here, there has been no state court decision on the merits of several of the claims, we review those claims de novo. Chaker v. Crogan, 428 F.3d 1215, 1221 (9th Cir.2005). In reviewing such claims, we do not follow the AED-PA deference standard. See Pirtle v. Morgan, 313 F.3d 1160, 1167-68 & n. 4 (9th Cir.2002). We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Competency Hearing
Triggs claims that he was denied due process because he was incompetent at the time of his 1995 trial and 1997 re-sentencing and the state court did not hold a competency hearing. Because the state courts did not address the merits of this claim, we review de novo without applying the AEDPA deference standard.
A defendant’s constitutional right to due process is violated if his competency to stand trial was at issue and he did not receive an adequate competency determination. Pate v. Robinson, 383 U.S. 375, 385, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). A trial court is required to conduct a competency hearing if it receives evidence or information that raises a bona fide doubt about the defendant’s competency to stand trial. Odie v. Woodford, 238 F.3d 1084, 1087 (9th Cir.2001). In considering such a claim, we examine only the information that was before the trial court. AmayaRuiz v. Stewart, 121 F.3d 486, 489 (9th Cir.1997). Evidence of mental illness does not, by itself, raise such a doubt, de Kaplany v. Enomoto, 540 F.2d 975, 983 & n. 9 (9th Cir.1976).
Triggs had a long history of mental illness and commitment, of which the trial court and counsel were aware. During his trial in 1995, Triggs had a violent outburst in jail and was moved to a safety cell. While the sheriffs deputies were moving Triggs, he bit an officer on the hand. Triggs spent the night in the safety cell, and was returned to regular confinement the following day. The trial court learned of this incident when Triggs was charged with aggravated assault on an officer.
While the trial judge was aware that Triggs had assaulted an officer, he was not presented with contemporaneous evidence that would suggest Triggs’s incompetency. The trial record reflects that the only information presented to the court was the probable cause statement documenting the assault. That statement does not contain any facts about Triggs’s condition either immediately before or after the incident. Significantly, neither trial counsel nor the district attorney questioned Triggs’s competence to stand trial, either before or after the incident at the jail. Further, Triggs’s conduct, demeanor, and trial testimony did not give rise to a bona fide doubt about Triggs’s competence at the time of trial. Indeed, Triggs’s trial testimony shows that he fully understood the charge and that he had little difficulty relating his defense to the jury. Although the trial court was aware of Triggs’s past mental illness and that he had bitten an officer at the jail, this information, in light of Triggs’s demeanor and testimony at trial, was insufficient to raise a bona fide doubt about Triggs’s competence. Nor did evidence suggest that Triggs was incompetent at the time of his 1997 re-sentencing. *176 The trial court therefore did not err in failing to hold, sua sponte, a competency hearing.

Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a defendant must show both that counsel’s performance was constitutionally deficient and that the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Because the state courts did not address the merits of this claim, we review de novo without applying the AEDPA deference standard.
Counsel was aware of Triggs’s history of mental illness and that he sought to use his mental competence to challenge the validity of his prior convictions in 1982 and 1987. However, even considering counsel’s knowledge of the incident at the jail during trial, in light of Triggs’s ability to communicate with counsel and to understand the charge and proceedings, including his defense testimony, counsel was not ineffective in investigating Triggs’s competence in 1995 or failing to request a hearing regarding Triggs’s competency in 1995 and 1997.
Even assuming that counsel was ineffective, Triggs was not prejudiced by counsel’s performance. The fact that he testified coherently in his own defense demonstrates that he possessed “at least a minimum rational understanding of the trial proceedings” and the ability to participate in them. See Benson v. Terhune, 304 F.3d 874, 885 (9th Cir.2002). Trial counsel also attested in the state court habeas proceeding that Triggs spoke with him frequently before and during trial about problems he was having with the jail staff, and gave him copies of grievances that he had filed against the deputies at the jail, including a pro se civil suit. This further shows that Triggs was competent to stand trial, and that therefore it was not reasonably probably that a mental health evaluation of him at the time of trial would not have concluded otherwise.

Sixth Amendment Right to Confrontation

Triggs claims that the admission of the 1982 burglary preliminary hearing transcripts at his 1995 trial violated his Sixth Amendment right to confrontation because the state made no showing that the witnesses were unavailable to testify, and because Triggs was physically screened from the witnesses at the hearing. In reviewing these claims, we need not decide whether Triggs properly presented them to the California Court of Appeal because, whether we apply AED-PA’s deferential standard of review or review de novo, we reach the same result.
Triggs’s Confrontation Clause claim cannot benefit from the rule announced in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), because Crawford does not apply retroactively. Whorton v. Bockting, 549 U.S. 406, 127 S.Ct. 1173, 167 L.Ed.2d 1 (2007). We must therefore decide whether the state court’s admission of the transcripts was constitutional under Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980).
Under rules announced by the California Supreme Court,[2] the prosecution was precluded from presenting the live testimony at Triggs’s 1995 trial of the witnesses in the 1982 burglary preliminary hearing. This preclusion rendered the witnesses legally unavailable, triggering the necessity rule articulated in Ohio v. Roberts: that prior testimony is admissible in trial if the witness is unavailable to *177 testify, so long as the testimony bears some “indicia of reliability.” Id. at 65-66, 100 S.Ct. 2531 (internal quotations omitted). The 1982 preliminary hearing transcripts were reliable under Roberts because defense counsel had the opportunity to cross examine the witnesses (and did so), thus affording “the trier of fact a satisfactory basis for evaluating the truth of the prior statement.” Id. at 73, 100 S.Ct. 2531 (internal quotations omitted). The admission of the transcripts was thus constitutionally permissible.
Triggs makes a separate claim that his right to confrontation was violated because he was physically screened from the witnesses at the 1982 preliminary hearing. He is not challenging his underlying conviction in that case, but rather the admissibility of the transcript of the preliminary hearing in this one. Thus, the screen is evidence that must be considered as part of his larger Confrontation Clause claim under Roberts. Triggs does not contend that the screen impeded defense counsel’s cross examination of the witnesses, nor does he argue that the preliminary hearing transcripts are any less reliable because of it. See Maryland v. Craig, 497 U.S. 836, 850, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990) (“[T]he face-to-face confrontation requirement is not absolute....”). We therefore find no constitutional violation.

Eighth Amendment Claim

Triggs claims that the state trial court violated the Eighth Amendment prohibition against cruel and unusual punishment when it sentenced him to 25 years to life in prison. He argues that the sentence is disproportionate to the crime, and that it was impermissibly based on mental illness and drug addiction. Because the California Court of Appeal addressed the merits of this claim, we review under the deferential AEDPA standard.
The Supreme Court has held that a sentence is unconstitutional under the Eighth Amendment only in “exceedingly rare” cases, Ewing v. California, 538 U.S. 11, 22, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003) (internal quotations omitted), where the punishment is grossly disproportionate to the crime. Lockyer v. Andrade, 538 U.S. 63, 77, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). Triggs’s sentence does not rise to this level. Nor is there any evidence that his sentence was based on mental illness or drug addiction. We therefore conclude that the state court’s decision rejecting this claim was not an unreasonable application of established Supreme Court law. See Lockyer, 538 U.S. at 70-71, 123 S.Ct. 1166.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Triggs also argues that he was denied due process because he was, in fact, convicted while incompetent. For the purposes of a habeas petition, however, we need only determine whether the trial court proceedings were adequate to protect his right. Pate v. Robinson, 383 U.S. 375, 378, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). Therefore, this argument is subsumed by Triggs’s other two competency arguments: that the trial judge should have ordered a competency hearing sua sponte, and that his trial counsel was ineffective for failing to raise the issue himself and request a hearing.

. See People v. Reed, 13 Cal.4th 217, 226, 52 Cal.Rptr.2d 106, 914 P.2d 184 (1996); People v. Guerrero, 44 Cal.3d 343, 355, 243 Cal.Rptr. 688, 748 P.2d 1150(1988).